# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DAVID ENGLER, ESQ.** | ) | Case No. 4:14-cv-2442 |
| | ) | |
| **Plaintiffs,** | ) | Judge Sara Lioi |
| | ) | |
| v. | ) | |
| | ) | |
| **DAVID ARNOLD** | ) | |
| | ) | |
| **Defendant** | ) | |

## DEFENDANT DAVID ARNOLD'S MOTION TO DISMISS

Respectfully submitted,

/s/  Gina DeGenova Bricker
GINA DeGENOVA BRICKER (0072559)
Assistant Prosecutor, Civil Division
Mahoning County Prosecutor's Office
21 West Boardman Street, 5th Floor
Youngstown, Ohio  44503
Telephone:  (330) 740-2330
Facsimile: (330)740-2829
gbricker@mahoningcountyoh.gov

Counsel for Defendant, David Arnold

Defendant, David Arnold ("Arnold"), moves this Court, through counsel, for an Order dismissing Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. Pr. 12(b)(2), (4) and (5) because Plaintiff failed to effectuate service of process on Arnold within 120 days as mandated by Fed. R. Civ. P. 4(m).

## STATEMENT OF FACTS

Plaintiff, Attorney David Engler, as Administrator of the Estate of T.F., a minor ("Attorney Engler") filed this lawsuit against Arnold in his individual capacity only on November 5, 2014. The Complaint appears to assert constitutional deprivation claims against Arnold when he served as Interim Executive Director of the Mahoning County Children Services Board.

As of the date of this Motion's filing, nearly 210 days have passed since Attorney Engler filed his complaint. Also as of the date of this Motion's filing, Arnold has not been served with Attorney Engler's summons or complaint. As a result of Attorney Engler's failure to make timely, proper and effective service on Arnold, this Court lacks the personal jurisdiction over Arnold to proceed.

## LAW AND ARGUMENT

**A. Fed. R. Civ. P. 12(b)(5) and (b)(2).**

A motion to dismiss under Fed. R. Civ. P. 12(b)(5) challenges the sufficiency of service of process. The plaintiff has the responsibility to ensure that a summons and complaint are serviced within the 120 day time period allowed by Fed. R. Civ. P. 4(m). *See* Fed. R. Civ. P. 4(C)(1); *see also Nafzinger v. McDermott Intern, Inc.*, 467 F.3d 514 (6th Cir. 2006).

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) challenges the jurisdictional requirements necessary to establish personal jurisdiction over a defendant. A plaintiff has the burden of establishing a court's jurisdiction over a defendant. *See Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). To satisfy this burden, the plaintiff must show sufficient, effective service of process on a defendant. *See Harris v. City of Cleveland*, 190 F.R.D. 215 (N.D. Ohio 1999).

It is undisputed that Attorney Engler field his complaint on November 5, 2014 (See Doc. No. 1) and that he did not effect service upon Arnold within 120 days. Rule 4(c) of the Federal Rules of Civil Procedure establishes that it is the plaintiff's responsibility to timely serve the summons and the complaint. Fed. R. Civ. P. 4(c)(1). And Fed. R. Civ. P. 4(m) explicitly requires completion of proper service of process within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m). The Rule further indicates that dismissal of the action "shall" follow unless the "plaintiff shows good cause" for his failure to comply with the 120 day deadline. *Id.*

In *Nafzinger*, the Sixth Circuit held that plaintiff bears the responsibility to effectuate service or to demonstrate good cause for failing to make service, within the time constraints of the Rule 4(m). *Id.* at 521-22. There, because the plaintiff failed to meet these responsibilities, the Court held that the case was properly dismissed. *Id.* at 522.

Similarly, in *Nicholson v. N-Viro International Corp.*, 2007 WL 2994452 the Sixth Circuit Court of Appeals noted:

> Plaintiffs have not explained their failure to perfect service in a timely manner, much less articulated grounds or good cause for their failure to serve those defendants. In the

2

> Sixth Circuit, absent good cause, dismissal due to lack of service is **mandatory rather than discretionary**.

Emphasis added.  Internal citations omitted.

Attorney Engler neglected the procedural responsibilities assigned to him in Rule 4(c) of the Federal Rules of Civil Procedure.  He failed to comply with the time constraints of Fed. R. Civ. P. 4(m).  As such, dismissal for insufficient service of process pursuant to Rules 4(m), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure is appropriate.

### B. <u>This Court Lacks Jurisdiction Over Arnold.</u>

As a corollary to insufficient service on Arnold, this Court also lacks personal jurisdiction over Arnold.  Due process and the service of process on a defendant are "integrally related." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) *citing U.S. Gluklick*, 801 F.2de 834 (6th Cir. 1986).  As noted by the United States Supreme Court in *Omni v. Capital Intern, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987), service of process is the "procedure by which a court . . . asserts jurisdiction over the person of the party served." *Id.* at 104.  Due process, therefore, requires proper effective service of process in order to obtain personal jurisdiction.  *Friedman*, 929 F.2d at 1156.

In the case at bar, as discussed above, Arnold was not timely served.  As such, this Court lacks personal jurisdiction over Arnold and should dismiss Attorney Engler's complaint against Arnold pursuant to Fed. R. Civ. P. 12(b)(2).

## CONCLUSION

For the reasons identified above, Arnold respectfully requests this Court to grant his Motion to Dismiss for insufficient process and lack of personal jurisdiction over the Defendant.

Respectfully submitted,

/s/ Gina DeGenova Bricker
GINA DeGENOVA BRICKER (0072559)
Assistant Prosecuting Attorney
Mahoning County Prosecutor's Office
21 West Boardman Street, 5th Floor
Youngstown, Ohio 44503
Telephone: (330) 740-2330
Facsimile: (330)740-2829
gbricker@mahoningcountyoh.gov
Counsel for Defendant, David Arnold

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically through the ECF system on the 1st day of June, 2015. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's case management electronic case files found within this Court's docket.

s/ Gina DeGenova Bricker
GINA DeGENOVA BRICKER (#0072559)
Assistant Prosecutor
Attorney for Mahoning County