UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID L. ENGLER, Administrator of the Estate of T.F., a minor, | ) ) ) | CASE NO. 4:14-cv-2442 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION** |
| DAVID ARNOLD, | ) ) ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant David Arnold ("Arnold") to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5) for failure to perfect service of process on defendants as required by Fed. R. Civ. P. 4. (Doc. No. 4.) For the reasons contained herein, Arnold's motion to dismiss is granted.

**A. Background**

The plaintiff in this action is the administrator of the estate of a deceased child, T.F. The complaint, filed on November 5, 2014, states that defendant Arnold is the Interim Executive Director of the Mahoning County Children's Services Board ("Board"), and prior to being Interim Executive Director, was the Chief Supervisor of the Board. (Doc. No. 1 ("Complaint" ["Compl."]) ¶ 3.) The complaint alleges that Arnold acted in derogation of his responsibilities under Ohio law with respect to the investigation of abuse against T.F. and the identification of T.F. as an abused child. (Compl. ¶ 4.) Plaintiff claims that, pursuant to 42 U.S.C. § 1983, Arnold's conduct caused T.F. to suffer substantial physical and psychological

pain—culminating in T.F.'s death—in violation of T.F.'s procedural and substantive due process rights under the Fourteenth Amendment. (Compl. ¶ 6.)

A summons was issued to plaintiff for service of process on defendant Arnold (Doc. No. 2), but the docket does not indicate that plaintiff ever perfected service on Arnold. Defendant's motion to dismiss is based on plaintiff's failure to perfect service. Plaintiff neither responded to defendant's motion nor filed proof of service.

**B. Discussion**

    **1. Rules 4, 12(b)(4) and (5)**

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Pursuant to Fed. R. Civ. P. 4(c)(1): "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citation omitted). Establishing good cause is the responsibility of the party opposing dismissal for failure to effect service as required by the rules, and "necessitates a demonstration of why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Fed. R. Civ. P. 12(b)(4) and (5) provide for dismissal of an action for "insufficient process" and "insufficient service of process," respectively.

In the instant action, there is no evidence on the record that plaintiff perfected service on Arnold. Plaintiff was placed on notice that defendant claims he was not served when defendant filed the instant motion. But plaintiff has not responded in any way—either by opposing defendant's motion to dismiss, providing proof that service had been perfected, or providing any explanation at all, let alone establishing good cause, for failing to perfect service. Under these circumstances, "dismissal due to lack of service is 'mandatory, not discretionary.'" *Nicholson v. N-Viro Int'l Corp.*, No. 3:06CV01669, 2007 WL 2994452, at *4 (N.D. Ohio Oct. 12, 2007) (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)) (further citations omitted).

The Court therefore concludes that plaintiff's failure to effect service as required by the Federal Rules, or to demonstrate good cause for not doing so, warrants dismissal of this action.

**2. Rule 12(b)(2)**

A motion to dismiss under Fed. R. Civ. P. 12(b)(2) challenges the fulfillment of the jurisdictional requirements necessary for the Court to establish jurisdiction over the defendant. It is plaintiff's burden to establish the Court's jurisdiction over the defendant, which includes sufficient, effective service of process upon the defendant. *See Harris v. City of Cleveland*, 190 F.R.D. 215 (N.D. Ohio 1999), *aff'd*, 7 F. App'x 452 (6th Cir. Ohio 2001).

"In the absence of service of process . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (citations omitted); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (there is an integral relationship between service of process and due process requirements, and due process requires

proper service in order to obtain personal jurisdiction over defendant) (citing *Omni Capital Int'l v. Rudolf Wolff & Co., LTD.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)) (other citations omitted). "For purposes of determining whether there is proper service of process, it is immaterial whether [the defendant] has actual knowledge of the lawsuit. A defendant's actual knowledge of a lawsuit is not [a] substitute for process under Fed. R. Civ. P. 4." *Mitchell v. Tennova Healthcare*, No. 3:13-CV-364-TAV-HBG, 2014 WL 1154233, at *2 (E.D. Tenn. Mar. 21, 2014) (internal quotation marks omitted) (citations omitted); *Friedman*, 929 F.3d at 1156 (district court erred in determining that actual knowledge cured a technically defective service of process with respect to the district court's personal jurisdiction over defendants).

Accordingly, the Court finds that it lacks personal jurisdiction over Arnold due to plaintiff's failure to perfect service of process on Arnold, as discussed, *supra*.

## C. Conclusion

For the reasons contained herein, defendant's motion to dismiss for failure to perfect service and lack of jurisdiction over defendant is GRANTED. This case is closed.

**IT IS SO ORDERED**.

Dated: July 10, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**